

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2008

# Williams v. Dover Downs Gaming

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2386

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Williams v. Dover Downs Gaming" (2008). *2008 Decisions.* Paper 785.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/785

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 07-2386

RICHARD L. WILLIAMS and MICHAEL E. PETERS,

Plaintiffs/Appellants,

v.

DOVER DOWNS, INC., a Delaware Corporation

Defendants/Appellees.

On Appeal from the United States District Court for the District of Delaware
(No. 05-0435 (GMS))

Submitted pursuant to Third Circuit LAR 34.1(a)
March 28, 2008

Before: McKEE, RENDELL and TASHIMA,[*] *Circuit Judges*

(Opinion Filed: July 28, 2008)

OPINION

TASHIMA, *Circuit Judge*.

Richard L. Williams ("Williams") and Michael E. Peters ("Peters") (together,

"Plaintiffs") appeal the district court's grant of summary judgment in favor of Defendant

---

[*]      Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Dover Downs, Inc. ("Defendant" or "Dover Downs")[1] on Plaintiffs' claim that Defendant

terminated them in violation of the Age Discrimination in Employment Act ("ADEA"),

29 U.S.C. § 621 *et seq.* In granting Defendant's summary judgment motion, the district

court concluded that Plaintiffs failed to carry their evidentiary burdens under either the

"direct evidence" framework of *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) or the

"indirect evidence" framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973). *See Williams v. Dover Downs Inc.*, No. 05-CV-435, 2007 WL 1297022, at **4-7

(D. Del. May 2, 2007). We agree and will affirm.

## I.

Because we write for the benefit of the parties, we discuss only the facts necessary

to the disposition of this case. On December 23, 2003, Plaintiffs were among six Dover

Downs employees who observed an unauthorized drag race between two other

employees, Ernie Carlisle and Brian Williams (who is Williams' son), at the Dover

International Speedway. The Speedway is owned by Defendant and world famous for its

NASCAR races. The race ended when Brian Williams crashed his vehicle and was taken

away in an ambulance. After investigating the incident, Dover Downs fired Carlisle,

Brian Williams, and both Plaintiffs. At the time of the firing, Williams was fifty-five

years old and had worked for Dover Downs since 1978; Peters was fifty-two years old

and had been employed there since 1985. The other four employees, whose ages ranged

---

[1]      Dover Downs Gaming & Entertainment, Inc. was dismissed from the action
by the district court on October 21, 2005.

from twenty-four to sixty-eight years, were briefly suspended but were not terminated.

In Plaintiffs' written termination notices, Dover Downs explained that Plaintiffs were being fired "[i]n view of the fact that [they] had very recently been issued a written warning for insubordination, and the fact that [they] did not report this very serious incident." The letters noted that both Plaintiffs situated their work vehicles at the gate to the race track so as to "prevent anyone from coming in during the race," and indicated that their positions as Mechanic I's gave them the "responsibility to report any suspicious, unsafe or reckless behavior."

Edward Sutor, Dover Downs' Chief Operating Officer, made the final decision to fire Plaintiffs, testifying that he held Plaintiffs more culpable than the other four observers "because of their age and experience." When asked whether he held older employees to a higher standard, Sutor said "No," stating instead that his expectations of Plaintiffs were based on their many years of experience, not their ages. Sutor also testified that Plaintiffs' insubordination citations were not relevant to the termination decision; instead, according to Sutor, the termination decision was based on the "egregious nature of the incident" and the "breach of responsibility" they committed by parking their vehicles across the gate to the track.

We review a district court's grant of summary judgment de novo and apply the same tests as the district court. *Tomasso v. Boeing Co.*, 445 F.3d 702 (3d Cir. 2006).

## II.

To succeed in an age discrimination case under the ADEA, "a plaintiff must show

that his or her age 'actually motivated' and 'had a determinative influence' on the employer's decision to fire him or her." *Fakete v. Atena, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000)). "A plaintiff can meet this burden (1) by presenting direct evidence of discrimination, *see Price Waterhouse . . .* , or (2) by presenting indirect evidence of discrimination that satisfies the familiar three-step framework of *McDonnell Douglas Corp. . . .*" *Fasold v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005) (citing *Fakete*, 308 F.3d at 337-38); *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101 (3d Cir.1997) (en banc)).

Direct evidence of age discrimination under the *Price Waterhouse* scheme requires that Plaintiffs' evidence of age discrimination be sufficient to allow the factfinder to find that the employer placed a substantial negative reliance on the plaintiff's age in reaching its decision. *Glanzman v. Metro. Mgmt. Corp.*, 391 F.3d 506, 512 (3d Cir. 2004) (citing *Fakete*, 308 F.3d at 338). This means that Plaintiffs must produce evidence that "the employer's discriminatory motivation 'caused' the employment decision." *Price Waterhouse*, 490 U.S. at 265 (O'Connor, J., concurring). Once the plaintiff has done so, the burden shifts to the employer, who must then prove that it would have taken the same action regardless of Plaintiffs' ages. *See Fakete*, 308 F.3d at 338 (citing *Price Waterhouse*, 490 U.S. at 265-66 (O'Connor, J., concurring)).

Here, Plaintiffs argue that Sutor's statement that Plaintiffs "had a greater degree of responsibility . . . because of their age and experience" is direct evidence of age discrimination sufficient to meet the *Price Waterhouse* test. Sutor's statement is not

direct evidence that an age-discriminatory motive caused the terminations. As the district court rightly noted, the context of Sutor's statement indicates that he fired Plaintiffs mainly because of their longevity of service and familiarity with the operations at Dover Downs, *see Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) ("[A]ge and years of service are analytically distinct"); *cf. Ky. Ret. Sys. v. EEOC*, 128 S. Ct. 2361, ____ (2008) (concluding that differential treatment based upon a pension status that turns in part on age does not necessarily mean that the differential treatment is "motivated" by age or that there was discrimination "because of" age), and because he perceived that they were more involved in the racing activity than the other participants. Moreover, even if we assume that Sutor's statement constitutes evidence that a discriminatory motive caused Plaintiffs' terminations, Defendant has demonstrated that it would have terminated Plaintiffs regardless of their ages. *See Price Waterhouse*, 490 U.S. at 266, 277 (O'Connor, J., concurring).

Alternatively, ADEA plaintiffs may proceed under the indirect evidence theory, if they present circumstantial evidence sufficient to satisfy their burden under our "slightly modified version" of the three-step *McDonnell Douglas* burden-shifting scheme. Under that scheme, Plaintiffs must first establish a prima facie case using indirect evidence by showing that they (1) were members of the protected class, i.e., they were 40 years of age or older, *see* 29 U.S.C. § 631(a), (2) were discharged, (3) were qualified for the position from which they were terminated, and (4) were replaced by a sufficiently younger person to create an inference of age discrimination. *See Keller*, 130 F.3d at 1108; *accord*

*Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 (3d Cir. 2006). Once Plaintiffs establish a prima facie case of discrimination, the burden of production (but not the burden of persuasion) shifts to Defendant, "who must then offer evidence that is sufficient, if believed, to support a finding that it had a legitimate reason for the discharge." *Keller*, 130 F.3d at 1108 (citing *St. Mary's Honor Ctr. v. Hicks*, 509U.S. 502, 506–07 (1993)). If the employer fails to satisfy its burden, judgment must be entered for the plaintiffs. *Id.* If, on the other hand, the employer satisfies this burden, Plaintiffs may survive summary judgment by pointing " to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* (quoting *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)); *see also Atkinson*, 460 F.3d at 454 ("If the [employer advances a legitimate, non-discriminatory reason for its action,] the burden shifts back to [Plaintiffs] to prove that the nondiscriminatory explanation is merely a pretext for discrimination.").

Here, Plaintiffs have established a prima facie case. Defendant, however, has offered sufficient evidence to support a finding that it had a legitimate reason for the discharge, namely, that Plaintiffs (1) held positions of some responsibility, which included the responsibility for reporting unsafe or reckless behavior of other employees, (2) blocked the gate in order to prevent interference with the race, and (3) failed to report the drag race to management or security, or to take any efforts to stop the race

Because Defendant has satisfied its burden of production, Plaintiffs must point to some evidence from which we could reasonably conclude that Defendant's articulated legitimate reasons are not believable or that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. This they have failed to do. Plaintiffs point only to Sutor's "age" reference and Dover Downs' inconsistent explanations for the terminations. These inconsistencies do not constitute "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions . . . that a reasonable factfinder *could* rationally find them unworthy of credence." *Fuentes*, 32 F.3d at 765 (emphasis in original) (internal quotation marks and citations omitted). "[D]efendant in this case provided evidence that it had a particularly powerful reason for discharging" Plaintiffs, i.e., their participation in and failure to stop the drag race on pit row, which resulted in an extremely serious crash, a crash which Williams described as the "most horrible thing I have ever seen in my life." *See Keller*, 130 F.3d at 1109. Nothing put forth by Plaintiffs meets their burden of showing, "not merely that the employer's proffered reason[s were] wrong, but that [they] were so plainly wrong that it cannot have been the employer's real reason." *Id.*

## III.

Plaintiffs failed to provide direct or circumstantial evidence of age discrimination sufficient to survive summary judgment. The judgment of the district court will be AFFIRMED.